**Jian Fang ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

No. 02–4941–AG.

United States Court of Appeals, Second Circuit.

May 25, 2005.

Yee Ling Poon (Jay Ho Lee, on the brief), Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Jeannette A. Vargas, Assistant United States Attorney (David N. Kelley, United States Attorney, Southern District of New York; Beth E. Goldman, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: WALKER, Chief Judge, NEWMAN, and JACOBS, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the Board of Immigration Appeals is AFFIRMED and the petition for review is DENIED.

Petitioner Jian Fang Zhang seeks review of a November 18, 2002, Board of Immigration Appeals ("BIA") order summarily affirming the July 12, 2001, decision of an immigration judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, and ordering her removed from the United States. In her petition, Zhang argues that (1) the IJ erred in not crediting Zhang's claims that she had been compelled to undergo an abortion and threatened with forcible insertion of an IUD device; and (2) the IJ made various errors in holding against Zhang her failure to produce corroborating documents and testimony by her husband in support of her claim. Familiarity with the facts and procedural history is assumed. We deny Zhang's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard. *See Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). Under this standard, such findings are " 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.' " *See id.* at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B), and noting that the statute codifies the substantial evidence standard of review). We accord "particular deference" to the IJ's credibility determinations. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

In concluding that Zhang was not credible, the IJ pointed to Zhang's failure to produce an abortion certificate, fine receipt, hospital records, or any reliable documentary evidence tending to show that she had in fact received an abortion or had been otherwise persecuted under China's family planning laws. It was well within the IJ's discretion to determine, based on her observation of Zhang's demeanor during testimony, the lack of persuasive corroborating evidence, and the IJ's own experience adjudicating similar claims, that Zhang had not sufficiently proven her claim of persecution or given convincing reasons for her failure to produce corroborating documents. Regardless of the circumstances surrounding the asylum claim of Zhang's husband and his failure to appear at Zhang's hearing, it is clear from the IJ's decision that she discredited Zhang's testimony "in and of itself," and that her decision to do so was adequately substantiated by the record.

We have carefully considered Zhang's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.